UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID KISSI,

                Plaintiff,

      v.

DEPARTMENT OF JUSTICE,

                Defendant.

Case No. 25-cv-3782 (JMC)

## MEMORANDUM OPINION

*Pro se* Plaintiff David Kissi has sued the United States Department of Justice for claims arising out of the decades-old and much-litigated circumstances of Kissi's financial disputes and criminal convictions. *See* ECF 1. The Department has moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. ECF 12. For the reasons discussed below, the Court will **GRANT** the Department's motion to dismiss.[1]

## I.      BACKGROUND

This lawsuit is one in a long line of many that David Kissi and his wife have filed regarding their ownership of DK&R Company, Inc., which defaulted on bank loans guaranteed by the Small Business Administration (SBA) and the Kissis. *See Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012). Those loans were transferred by the SBA to Pramco II, LLC, which pursued and received judgment against the Kissis in 2003. *Id.*; *Kissi v. United States*, 102 Fed. Cl. 31, 33 (2011).

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

The Kissis then proceeded to contest the judgment and engage in what another court in this district has described as a multi-year "pattern of vexatious and harassing lawsuits" against various defendants, including Pramco, the United States, and others. *United States v. Bank of Am.*, No. 12-cv-361, 2013 WL 12342174, at *1 n.3 (D.D.C. Nov. 22, 2013). Kissi "has been enjoined from filing further lawsuits without prior leave by" at least "five federal courts." *Id.* Kissi is "so frivolously litigious, that he was sentenced to 30 months in prison for," among other conduct, "violating a Court injunction" entered by a former judge of the District of Maryland "against filing frivolous lawsuits" related to his bankruptcy and civil proceedings. *Id.*; *see In re David M. Kissi Litig.*, No. 12-mc-287, 2012 WL 10011197, at *1 (D. Md. Aug. 8, 2012) (describing Kissi's conviction and prior litigation history); ECF 1 at 2 (describing Judge Peter Messitte's order and how Kissi was "throw[n] . . . into jail for violating" it).

Kissi's current suit is cut from the same cloth. On October 27, 2025, he filed a complaint in this Court against the Department of Justice. ECF 1. He subsequently filed a flurry of affidavits, notices, or motions, all before the Department appeared and moved to dismiss. ECF 12. Kissi then filed multiple responses, *see* ECF 14; ECF 15; ECF 16, to which the Department replied, ECF 17. Unprompted, and in violation of this Court's local rules, Kissi has repeatedly made additional filings following the Department's reply.[2] The Court must "consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss," *Brown v. Whole Foods*

---

[2] Following Kissi's repeated submission of serial filings in violation of the local rules, the Court ordered that he was required to seek permission before making additional filings in this case, including by explaining why his filing could not have been made as part of his opposition to the Department's motion to dismiss. *See* Mar. 20, 2026 Min. Order. Kissi continued to make filings that reiterated points already raised in his prior papers without requesting permission or sufficiently explaining the basis for the additional submission, and the Court has accordingly denied leave to file those documents. *See* Apr. 2, Apr. 9, and Apr. 15, 2026 Min. Orders. As of this date, several other requests to file are pending. *See* ECF 26; ECF 28. Having reviewed the documents, the Court find that they merely reiterate arguments regarding Kissi's dispute with Pramco, and (mistakenly) assume that he is entitled to default judgment against non-parties to this case. The Court again denies leave to file. Out of an abundance of caution, the Court has reviewed Kissi's prior submissions for which leave to file has been denied. None address or cure the legal defects raised in the Department's motion to dismiss.

*Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), and it does so here to decipher Kissi's voluminous and disorganized filings. His allegations again regard the financing of his prior loans, the disputed ownership of those loans by Pramco, and his Maryland convictions. While the Department of Justice is named as the sole defendant in the complaint and cover sheet, Kissi's filings discuss a wide range of conduct, including by the Department, Pramco and its attorneys, the SBA, and other judges.[3] As to his claims that could conceivably involve the Department of Justice or its employees, he alleges that the FBI violated his "Due Process" when an agent entered his home without a warrant and took materials which eventually led to his convictions and the loss of his properties and business. ECF 1 at 1–2. He also claims that former U.S. Attorney for the District of Maryland Rod Rosenstein helped Pramco steal his assets by "criminaliz[ing] a simple debt collection." ECF 19 at 2; *see also* ECF 14 at 1. He alleges that the actions of the Department "have caused" him and his wife "so much distress and millions of dollars to defend ourselves." ECF 1 at 2. As relief, Kissi seeks "a nominal sum of $38 million," reversal of his criminal convictions, a refund of court fines and fees, and a vacatur of his injunctions on filing in Maryland federal court. *Id.* at 2–3.

---

[3] Kissi's complaint named the Department of Justice as the sole defendant. *See* ECF 1 (captioned "David Kissi, Petitioner v. Dept. of Justice, Respondent"); *see also* ECF 1-2 (civil cover sheet noting "Dept. of Justice" under section for "Defendants"). However, Kissi appears to believe that he is maintaining the action against various defendants other than the Department. In one of Kissi's supplemental filings, titled "Affidavit #10," he includes a "Certificate of Service" which purports to direct the Clerk of Court to transmit a copy of the Affidavit to a list of 19 other individuals or entities. *See* ECF 2 at 3; ECF 2-1 at 1. But those putative parties are not defendants because Kissi has failed to name them in his complaint. Federal Rule of Civil Procedure 10(a) requires that the "title of the complaint must name all the parties." Kissi has amended the caption on certain subsequent filings to mention a non-exhaustive list of other "respondent[s]," which appears to change from filing to filing and includes parties not mentioned in his list of parties to be served by the Clerk. *Compare* ECF 2-1 at 1, *with* ECF 18, *and* ECF 19. The Court views the Department of Justice as the sole defendant sued in this case. And even if those various parties had been properly named as defendants, Kissi has not presented any evidence that they have in fact been served. He seems to believe that it is the obligation of officers of the Court to serve additional parties in this case. *See* ECF 2 at 3. But that obligation applies only in cases with parties proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(d). Kissi paid the filing fee in this case, but now seeks leave to file an application to proceed *in forma pauperis*. *See* ECF 27. The Court will grant leave to file this application, but proceeds to deny the application as moot. Kissi has already paid the filing fee, and in light of the Court's dismissal of the case, his application to proceed *in forma pauperis* is therefore unnecessary. *See Watson v. Middlebrooks*, No. 09-cv-1682, 2009 WL 3163067, at *2 (D.D.C. Sept. 28, 2009).

## II.   LEGAL STANDARD

Defendant first moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court lacks subject-matter jurisdiction to entertain a claim, it must dismiss that claim. Fed. R. Civ. P. 12(h)(3). While pleadings by *pro se* litigants are generally "held to less stringent standards than formal pleadings drafted by lawyers," it is well-settled that a plaintiff, even one proceeding *pro se*, bears the burden of establishing jurisdiction. *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015). As when adjudicating a 12(b)(6) motion for failure to state a claim, the Court "must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but it need not accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Id.* at 35–36. However, when considering a motion to dismiss for lack of jurisdiction, a court "must scrutinize the plaintiff's allegations more closely" than it would "under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). Sovereign immunity is "jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and "a claim barred by sovereign immunity . . . may be dismissed under a 12(b)(1) motion," *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016).

As for a 12(b)(6) motion, a complaint will survive dismissal for failure to state a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations

4

contained in a complaint is inapplicable to legal conclusions," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79.

### III.   ANALYSIS

Kissi's complaint must be dismissed. The Court lacks subject-matter jurisdiction over his claims against the Department. To the extent that Kissi seeks to "clear [his] criminal record," ECF 1 at 2, and refund his criminal fines and fees based on due process and other defects in his prior treatment by FBI agents, federal prosecutors, or the federal courts in Maryland, the case is "little more than a disguise for a collateral challenge to the plaintiff's criminal conviction," and is therefore a case over which the Court lacks subject-matter jurisdiction. *Corley v. U.S. Parole Comm'n*, 709 F. Supp. 2d 1, 3 (D.D.C. 2009); *see Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012) (rejecting lawsuit for lack of subject-matter jurisdiction that was a "thinly veiled and improper attempt[] to collaterally attack [a] conviction in" in a different federal district). For these reasons, a court in this district previously dismissed Kissi's habeas petition that similarly "attack[ed] the arrest warrant and the affidavit on which it was based" and alleged that the "judges[] . . . and attorneys involved in court proceedings . . . committed acts of misconduct." *Kissi v. Simmons*, No. 09-cv-1304, 2009 WL 2367574, at *1 (D.D.C. July 31, 2009), *aff'd*, 358 F. App'x 198 (D.C. Cir. 2009). Kissi's present attempt to void his conviction based on similar arguments thus borders on frivolous.

Similarly, the Court cannot entertain Kissi's request to "void any prohibitions of [him] from Maryland federal courts," ECF 1 at 3—which the Court construes as a request to overturn his filing restrictions in the District of Maryland—because this Court "lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Further, it appears that Kissi has repeatedly pursued the appropriate method of vacating the filing

injunction—requesting relief in the District of Maryland—and been denied. *See In re David M. Kissi Litig.*, 2012 WL 10011197, at \*1. Judge Reggie Walton of this district also dismissed a subsequent request to review the decisions of the Maryland federal courts on this basis. *Kissi v. United States*, No. 12-cv-1765, 2012 WL 5382898, at \*1 (D.D.C. Oct. 31, 2012). The Court will not bless his attempt to bring a collateral attack on a filing restriction in another federal district.

As for Kissi's request for $38 million in damages against the Department, the Court agrees with the Department that the Court also lacks subject-matter jurisdiction over this claim. ECF 12 at 5. "[S]overeign immunity extends to governmental agencies such as the [Department] and to their employees where such employees are sued in their official capacities." *Jones v. Yanta*, 610 F. Supp. 2d 34, 41 (D.D.C. 2009). The Department has invoked sovereign immunity, and Kissi "bear[s] the burden of demonstrating" that the Department's sovereign immunity has been waived as to his monetary claims. *Griffin v. United States*, No. 19-cv-762, 2019 WL 4644022, at \*2 (D.D.C. Sept. 24, 2019) (finding that the court lacked jurisdiction over a suit where pro se plaintiffs "fail[ed] to identify a statute expressly waiving immunity"). Kissi appears to allege that the Department committed "[d]ue [p]rocess" violations which entitle him to $38 million. ECF 1 at 1–2. Given that Kissi does not further elaborate on the source of his due process claim, the Court assumes it is the Fifth Amendment of the U.S. Constitution. But "[t]he United States has not waived its sovereign immunity for constitutional tort claims," and "absent a waiver of sovereign immunity, the [C]ourt lacks subject matter jurisdiction to entertain plaintiff's claims for money damages against the" Department on this basis. *Jones*, 610 F. Supp. 2d at 41–42. To the extent that Kissi seeks to bring a common-law claim of false imprisonment, *see* ECF 19 at 2 (requesting "$35 million" because he was "false[ly] imprison[ed]"), such a claim would only be permissible under the Federal Tort Claims Act's limited waiver of sovereign immunity under certain circumstances,

6

including if Kissi had sufficiently exhausted his administrative remedies, *see McNeil v. United States*, 508 U.S. 106, 113 (1993). Kissi has not made any showing that he has done so.

Aside from these jurisdictional bars relating to the relief sought in the case, the Court also finds that Kissi has failed to establish subject-matter jurisdiction because he lacks standing under Article III to bring his claims against the Department. The "irreducible constitutional minimum" of standing requires a Plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Even if Kissi has stated cognizable injuries in fact, his allegations do not show how the Department's actions were plausibly traceable to the injuries he alleges, such as Pramco's alleged theft of the Kissis' properties or the "losses and injuries caused by Judge Messitte's unlawful injunctions." ECF 14 at 5. Without any more detail regarding the Department's actions, the Court cannot plausibly read Kissi's filings to show that the injuries are "fairly traceable to the challenged action[s] of the" Department, rather than "the result of the independent action of some third party not before the court," such as Pramco or other federal judges. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

For similar reasons, even if the Court had subject-matter jurisdiction over these claims, it would still dismiss the complaint for failure to state a claim as to the Department. Kissi has failed to include enough factual matter regarding the Department's conduct to state a plausible claim that survives a 12(b)(6) motion. *See Ashcroft*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Kissi's allegations against the Department— which include assertions regarding improper warrants and due process violations without any substantiating details, including any nonconclusory allegations about how those violations caused

7

Kissi's harms—lack sufficient factual content such that they amount to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" which cannot survive a motion to dismiss. *Id.*

Finally, although Plaintiff has not raised the issue, the Court will dismiss the complaint without granting an opportunity to amend. Kissi has demonstrated a history of filing repeated complaints which concern largely the same, decades-old factual allegations and have been dismissed for similar, if not identical reasons. Further, he had many opportunities to address those defects. Kissi filed numerous documents—many without the Court's permission—containing additional factual allegations after the Department submitted its motion to dismiss and its reply, none of which cured any of the defects the Department raised in its opposition and that have been identified here. "[W]here, as here, the plaintiff has shown that he is no stranger to the courts, having filed [many] previous lawsuits akin to this one, dismissal . . . is not inappropriate." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977).

*   *   *

For the foregoing reasons, Plaintiff's requests for leave to file, ECF 26; ECF 28, are **DENIED**. Plaintiff's request for leave to file an application to proceed *in forma pauperis*, ECF 27, is **GRANTED**, but the application itself is **DENIED** as moot. Defendant's motion to dismiss, ECF 12, is **GRANTED**, and Plaintiff's complaint, ECF 1, is **DISMISSED.** A separate order accompanies this memorandum opinion.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 29, 2026

8