**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID KISSI,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF JUSTICE,<br><br>                    Defendant. | Case No. 25-cv-3782 (JMC) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

*Pro se* Plaintiff David Kissi moves for reconsideration of this Court's orders dismissing his complaint and requiring him to seek leave of the Court before making additional filings in this case. ECF 38. For the reasons discussed below, the motion is **DENIED**.[1]

## I.    Dismissal of Complaint

Kissi moves for reconsideration of this Court's decision to dismiss his complaint, ECF 29; ECF 30, presumably under Federal Rule of Civil Procedure 60(b).[2] That Rule allows a Court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding" for six enumerated reasons. *Id.* Those reasons include "mistake, inadvertence, surprise, or excusable

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion and order, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] Kissi does not identify the Rule under which he seeks reconsideration, but the Court assumes it is Rule 60(b), given that Rule 59(e) relief is unavailable to him as he has filed this motion over two months after the Court's decision. *See* Fed. R. Civ. P. 59(e) (allowing consideration of a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment"). Even were this motion to be considered under Rule 59(e), Kissi has not demonstrated that any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" would justify reconsideration of the Court's decision. *Smith v. Lynch*, 115 F. Supp. 3d 5, 10 (D.D.C. 2015).

neglect," "newly discovered evidence," "fraud," "the judgment is void," and "any other reason that justifies relief." *Id.* 60(b)(1)–(4), (6). District courts enjoy "a large measure of discretion" in ruling on Rule 60(b) motions. *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987).

Kissi has not shown that any grounds exist for the Court to reconsider its order dismissing his complaint. First, he appears to complain that the Court wrongly considered and addressed his claims against the Department of Justice (DOJ), rather than against other parties mentioned in his complaint, when he "d[id] not recall suing the" DOJ and intended to sue various other non-parties. ECF 38 at 2. Such a claim is difficult to believe, given that his complaint named DOJ (and only DOJ) as a defendant. *See* ECF 1 (also titling the action as one "Against the FBI for Abusing Our Due Process"). Further, the DOJ was the only party for which he purported to provide proof of service. *See* ECF 5. As the Court explained in its opinion, Kissi's belief that he has successfully named, sued, or served other parties in this case, or that it was the Court's obligation to serve those parties, is mistaken. *See* ECF 29 at 3 n.3. The Court does not view this purported confusion—one difficult to square with the record—as "mistake, inadvertence, surprise, or excusable neglect" which justifies the revival of his current complaint. Fed. R. Civ. P. 60(b)(1).

The rest of Kissi's motion does not engage substantively with the Court's memorandum opinion and order. Instead, he reiterates his grievances against various non-parties to the case. And, as he did with his complaint, he asks this Court to relitigate purported errors made by other judges, in other districts, many years ago. For example, he purports to identify "newly discovered information that has never been heard in any trial court," regarding his decades-old claims regarding the sale of his bank loans by the Small Business Administration, ECF 38 at 3–4, which were litigated at length in at least the Federal Circuit and the District of Maryland, *see* ECF 29 at 1–2 (describing, in brief, Kissi's prior litigation history). As the Court stated when dismissing his

complaint, "this Court 'lacks jurisdiction to review decisions of other federal courts.'" ECF 29 at 5 (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). And more to the point, this evidence does not qualify as "newly discovered evidence that" would justify reconsideration of *this* Court's order dismissing his complaint, Fed. R. Civ. P. 60(b)(2), because it is not new evidence. He already made these allegations to the Court in his prior filings in this matter. *See* ECF 2 at 2. The Court did not find that matter material to the dismissal of his complaint then, nor does it now.

A motion for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011). Kissi attempts to do both, rather than presenting any legitimate ground for the Court to reconsider. Kissi has not met his burden to justify reconsideration of the dismissal of his complaint under Rule 60(b).

## II.    Leave to File Order

Kissi also appears to seek reconsideration of this Court's decision requiring him to ask for the Court's approval before filing additional documents in this case. *See* Mar. 20, 2026 Min. Order. The Court imposed this restriction because Kissi, in violation of the Court's Local Rules, filed a flood of repetitive affidavits, motions, and notices during the Court's consideration of the motion to dismiss. *Id.* Kissi claims that the filing restriction functions as a restraining order which abridges his due process rights. Again, Kissi does not invoke a standard of review for this decision. Rule 54 "recognizes the inherent power of the court to reconsider an interlocutory order as justice requires." *Brookens v. United States*, 308 F.R.D. 14, 15 (D.D.C. 2015). Of course, interlocutory orders generally "merge into the final judgment" at the "end of the case," leading the Court to

3

believe that the Rule 60's standards for review of a final judgment or order apply. *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 430 (2026); *see* Fed. R. Civ. P. 60(b).[3]

Kissi has not shown any grounds for reconsideration of this order. District courts have broad discretion with respect to docket management decisions. *See Banner Health v. Price*, 867 F.3d 1323, 1334 (D.C. Cir. 2017). And litigants, even those proceeding *pro se*, must comply with the Federal and Local Rules of Civil Procedure. *Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 87 (D.D.C. 2016). The leave-to-file-review order merely allows the Court to review whether his filings have complied with relevant rules before permitting them to be filed on the docket in this case. This Court's order did not bar him from filing actions or otherwise extend to other cases that may be pending before the Court. Nor has Kissi been harmed by this order. In adjudicating the motion to dismiss, the Court reviewed his myriad filings and considered them, including, out of an abundance of caution, those for which leave to file had been denied. *See* ECF 29 at 2 n.2.

Finally, Kissi should consider himself lucky that the Court ruled on his complaint in the first place. As he is well aware, Courts have the authority to impose pre-filing injunctions which restrict a litigant's ability to file new complaints without a Court's permission, rather than just impose an additional layer of review on the documents a party files in an existing case, as the Court did here. *See, e.g.*, *Crumpacker v. Ciraolo-Klepper*, 288 F. Supp. 3d 201, 204 (D.D.C. 2018). The Court was aware when reviewing the motion to dismiss that Kissi has been subject to pre-filing injunctions in other federal districts and circuits due to his "vexatious and frivolous pattern" of litigation. *See, e.g.*, *Kissi v. U.S. Dep't of Just.*, 793 F. Supp. 2d 233, 234 n.1 (D.D.C.), *aff'd*, 444 F. App'x 457 (D.C. Cir. 2011). However, it has recently come to the Court's attention that Kissi is also subject to a pre-filing injunction in *this* Court. Judge Reggie B. Walton of this district issued

---

[3] Even were Rule 54's standard to apply, Kissi has not justified reconsideration under that standard, either.

an order in September 2013 which enjoined Plaintiff from "filing future lawsuits in this Court without prior authorization from the Court." Order, *Kissi v. U.S. Dep't of Just.*, No. 12-cv-1515 (D.D.C. Sept. 4, 2023), ECF 9 at 6. Neither party raised the injunction to this Court at the outset of this case, and the Court does not find a need to take additional action to enforce the order given that the case has been dismissed. But the Court warns Kissi that based on its review of the docket in his prior case, it appears that Judge Walton has not reconsidered the order, nor has any appellate court modified or vacated the order. Finally, the existence of this order—along with Kissi's conduct in this case—supports the determination that entry of the leave-to-file order in this case was justified. Kissi has not provided grounds under Rule 60(b) for reconsideration of this order.

*   *   *

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration, ECF 38, is **DENIED**.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: July 13, 2026